Dear Mr. Bankston:
Your request for an Attorney General's Opinion on behalf of the Amite River Basin Drainage and Water Conservation District (the "District") has been assigned to me for research and reply.
You have indicated that the District recently determined that certain property owners, whose property is situated in East Baton Rouge Parish but not in the District, have been paying an ad valorem tax levied by the District. Basically, these property owners were inadvertently and erroneously placed on the District's tax roll. You ask whether, in light of La.Const. art. 7, § 14, the District may refund erroneously-paid ad valorem taxes, the claims for which have prescribed.
Under La.R.S. 47:2132(A), affected taxpayers have three years from the date of the erroneous payment(s) to present their claims for refund to the Louisiana Tax Commission (the "Tax Commission") on such forms and with such proof as the Tax Commission may require. Once the Tax Commission determines that taxes have been paid in error, the tax collector shall provide taxpayers with a refund or repayment in the manner provided in La.R.S. 47:2132(C).[1] It is this statutory claim for refund that has prescribed in the case of the property owners at issue here.
Additionally, La.Const. art. VII, § 14(A) provides, in pertinent part, as follows: *Page 2 
Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
The Louisiana Supreme Court has determined that La.Const. art. 7, § 14 is violated "when public funds or property are gratuitously alienated."Board of Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20
(the "Cabela's" case). Based on the standard articulated in Cabela's, it is our opinion that, in order for an expenditure of public funds to be permissible under La.Const. art. VII, Sec. 14(A), the entity spending the funds must have the legal authority to so do and must be able to show all of the following:
(i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue;
(ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and
(iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
If the District refunds erroneously-paid taxes, the claims for which have prescribed, at a minimum, it would violate the third prong of theCabela's test. Clearly, the District would not have a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the refunded of prescribed taxes. In fact, the District would receive absolutely no value in exchange for the refunds.
Thus, it is the opinion of this office that the District may not may refund erroneously-paid ad valorem taxes, the claims for which have prescribed. The District may only refund non-prescribed erroneously-paid taxes for which taxpayers make claims under La.R.S. 47:2132.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us. *Page 3 
Yours very truly,
JAMES D. "BUDDY" CALDWELL
Attorney General
By:____________________
BENJAMIN A. HUXEN II
Assistant Attorney General
JDC/BAH II
[1] In accord are La. Atty. Gen. Op. Nos. 07-0228, 98-159, and 97-9. Although these opinions addressed La.R.S. 47:2108.1, which has been repealed, the comments to La.R.S. 47:2132 indicate that it consolidates former La.R.S. 47:2108 and La.R.S. 47:2108.1.